UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALBERTO LOMBARDO, )<br>  )<br>               Plaintiff(s), )<br>  )<br>vs. )<br>  )<br>AMERICAN AIRLINES, INC., )<br>  )<br>               Defendant(s). )<br>_____) | Case No. 2:14-cv-02095-JCM-NJK<br><br>ORDER DENYING PROPOSED DISCOVERY PLAN (Docket No. 11)<br><br>ORDER REQUIRING ATTORNEY CERTIFICATIONS |

Pending before the Court is the parties' Proposed Discovery Plan and Scheduling Order, Docket No. 11, which is **DENIED** for the reasons discussed below.

First, proposed discovery plans must state the number of days sought for discovery calculated from the date the first defendant answers or otherwise appears. Local Rule 26-1(e)(1). The parties failed to do so, and instead state the discovery period in terms of the number of months calculated from the date of the Rule 26(f) conference. *See* Docket No. 11 at 2.

Second, the presumptively reasonable discovery period is 180 days calculated from the date the first defendant answers or otherwise appears. *See* Local Rule 26-1(e)(1). When the parties seek a longer discovery period, they must indicate "SPECIAL SCHEDULING REVIEW REQUESTED" on the face of the proposed discovery plan. Local Rule 26-1(d). The parties failed to do so.

Third, when a discovery period is sought that is longer than 180 days calculated from the date the first defendant answers or otherwise appears, the parties must provide a statement of the reason(s) why they seek a longer time period. Local Rule 26-1(d). The parties failed to do so.

Fourth, the proposed discovery plan misstates Local Rule 26-4, in that it provides that requests to extend deadlines in the scheduling order need only be filed 20 days before the discovery cut-off. *See* Docket No. 11 at 2. Local Rule 26-4 requires that any request to extend deadlines set forth in the scheduling order must be submitted at least 21 days <u>before the subject deadline</u>. For example, any request to extend the deadline for initial expert disclosures must be filed at least 21 days before the expiration of <u>that deadline</u>. Such a request filed only 20 days before the discovery cut-off would be untimely.

For the reasons discussed more fully above, the parties' proposed discovery plan is **DENIED**. The parties shall file, no later than March 2, 2015, a proposed discovery plan that complies with the applicable local rules. Moreover, in an effort to ensure future compliance and complete understanding of the Local Rules, the Court hereby **ORDERS** attorneys John Keating, Garnet Beal, and Alan Westbrook to file a certification with the Court no later than March 2, 2015, indicating that they have read and comprehend Local Rules 26-4 and 26-1. Counsel are advised that similar violations in the future may result in the imposition of sanctions.

IT IS SO ORDERED.

DATED: February 23, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge