ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
PERRY & WESTBROOK
A Professional Corporation
1701 W. Charleston Blvd., #200
Las Vegas, Nevada 89102
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
E-Mail: awestbrook@perrywestbrook.com
Attorneys for Defendant
AMERICAN AIRLINES, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALBERTO LOMBARDO, individually, | CASE NO.:   2:14-cv-2095-JCM-NJK |
| Plaintiff, | |
| vs. | |
| AMERICAN AIRLINES, INC., Foreign Corporation; DOES I through X, inclusive; ROE BUSINESS ENTITIES I through X, inclusive; | |
| Defendants. | |

### STIPULATED PROTECTIVE ORDER
### GOVERNING CONFIDENTIAL INFORMATION

As amended, pages 8-9.

In the interest of ensuring confidential information submitted pursuant to discovery in this action is not improperly disclosed, the parties, by and through their counsel in this action stipulate, pursuant to Fed. R. Crv. P. 26( c)(7), subject to approval and entry by the Court, to the following Stipulated Protective Order ("Order") relating to confidential material:

/////

**DEFINITIONS**

1. As used in this Order, the following words shall have the following meanings:

    a. "Court" means the United States District Court for the District of Nevada;

    b. "defendants" means American Airlines, Inc.;

    c. "disclosed" is used in its broadest sense and includes, inter alia, shown, divulged, revealed, produced, described or transmitted, in whole or in part;

    d. "discovery" is given the same meaning as ascribed to it in the Federal Rules of Civil Procedure;

    e. "Designated Material" means any material designated as "Level One" or "Level Two" as defined below;

    f. Level One" means any materials which the producing party or non-party reasonably believes (i) is not to be in the public domain and (ii) contains any trade secret or other confidential research, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(7);

    g. "Level Two" means any materials which the producing party or non-party reasonably believes to be so competitively sensitive that its disclosure to business competitors would materially affect the business, commercial or financial interests of the producing party or non-party;

    h. "materials" means any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either in the course of any

precomplaint investigation by the plaintiff or in response to discovery requests in this action by any party or non-party;

i. "non-party" means any natural person, partnership, corporation, association or other legal entity not named in the action captioned above and pending in this Court;

j. "outside counsel" means the counsel of record in this action and their law firms as well as (1) other attorneys or consultants employed or retained by such law firms, or (2) any attorney subsequently retained or designated by the defendants to appear in this action, provided that any attorney or consultant covered under subparagraphs j(1) or (2) is not involved in the day-to-day business operations of the defendants;

k. "party" or "parties" means the plaintiff or one or more of the defendants in this action;

l. "plaintiff" means Alberto Lombardo;

m. "protected person" means any party or non-party that furnishes or has furnished any information or material to any party that is sought in discovery in this action; and

n. "this action" means the civil action captioned above and pending in this Court.

## GENERAL PROVISIONS

2. The parties or any protected person, in complying with discovery requests served upon them pursuant to the Federal Rules of Civil Procedure, or with informal discovery requests, may denominate any material submitted in response to such discovery requests

as Designated Material. Such denomination shall constitute a representation to the Court that counsel believes in good faith that the materials constitute Designated Material.

3. The parties, or non-parties, and their attorneys shall make a good faith effort to designate materials so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate. Thus, the presumption shall be that Designated Material is to be denominated Level One, unless otherwise indicated.

4. Only that portion of a document or other tangible Designated Material constituting protected information shall be denominated as such in accordance with the terms set forth above. Either party may request from a protected person a redacted copy of specifically identified Designated Material containing both protected and unprotected information.

5. A party or protected person denominating material as Designated Material that is in a form other than a document shall specify in writing the information that is Designated Material at the time that such information is supplied.

6. If a party obtains documents that are properly in the public domain -- or from a source other than the party or non-party, including its consultants, agents, attorneys, employees or principals, who denominated it as Designated Material -- those documents are not protected by this Order, regardless of whether such information is also contained in Designated Material pursuant to this Order.

7. Nothing in this Order shall prevent disclosure of Designated Material with the consent of counsel for the designating party or protected person.

8. The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

9. All persons who obtained access to Designated Material by reason of its production in connection with this action shall use such Designated Material only for preparation and trial of this action, including any appeal and retrial, and shall not use such Designated Material for any other purpose, including the furtherance of that person's business interests or in any administrative or judicial proceeding.

## DISCLOSURE OF DESIGNATED MATERIAL

10. Designated Material denominated as Level Two pursuant to this Order may be disclosed to only:

a. the Court and all persons assisting the Court in this action, in the manner set forth in Paragraph 17 below, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

b. outside counsel working as an attorney for any defendant in connection with this action and the employees of such outside counsel, provided that they are not presently, and have no present plans to become, employees of any defendant;

c. persons retained to assist counsel for any party for the purpose of this action, including consultants, experts, litigation support services, outside copying services and principals and employees of the firm with which consultants or experts are associated, provided that such persons and their employees are not presently, and have no present plans to become employees of any defendant;

d. employees of, or counsel for, the party or protected person that designated such materials as Level Two;

e. authors, addressees, or copiers of documents designated as Level Two;

  f. any person who may testify as a witness, either at a deposition or court proceeding in this action, and for the purpose of assisting in the preparation or examination of the witness, subject to the terms of Paragraphs 13 and 14; and

  g. any person with prior knowledge of the Level Two information, including any person who was, or whom counsel for any party in good faith believes to have been, a participant in a communication or other act and from whom verification of that communication or other act is sought, subject to the terms of Paragraph 14.

11. Designated Material denominated as Level One pursuant to this Order may be disclosed only to:

  a. all categories of persons identified in Paragraphs 10(a) through (d);

  b. all categories of persons identified in Paragraph 10(e), (f) and (h) but as they would pertain to Level One, as opposed to Level Two, Designated Material; and

  c. the general counsel, and in-house counsel who are working on this action, for each of the defendants, their secretaries, paralegals, and/or any other administrative personnel with document handling responsibilities who are assisting in this action.

12. On motion, and upon a showing of the receiving party that counsel's decision making ability is extraordinarily limited without the defendant's employees reviewing the specifically identified Designated Material, the Court may order that up to five specifically identified employees of the defendants may have access to the specifically identified Designated Materials. In the case of material provided by a non-party, the defendants shall provide sufficient notice to the non-party that the matter has been referred to the Court to allow the non-party to oppose the motion.

13. Counsel for any party may disclose Designated Material to any witness or potential witness provided counsel has obtained consent of counsel for the party or non-party who produced that Designated Material, except that consent need not be obtained if (i) the person is an author or recipient of the Designated Material, or (ii) the person is a former employee of the designating party or protected person and is known to have prior knowledge of the substance of the specific Designated Material to be disclosed.

14. Each person to whom Designated Material is disclosed pursuant to Paragraphs 10(d), (g) or (h) of this Order, other than employees of the party or protected person denominating the material as Designated Material, shall execute an Acknowledgment in the form attached hereto as Exhibit A and shall agree to be bound by this Order. The original of such executed Acknowledgment shall be retained by the counsel disclosing Designated Material to such persons for a period of one year following the final resolution of this action.

15. In the event that the plaintiff, consistent with Paragraph 9, discloses any Designated Material to any other person, (i) the person to whom the Designated Material is disclosed shall execute an Acknowledgment in the form attached hereto as Exhibit A and shall agree to be bound by this Order, and (ii) the Acknowledgement shall be provided to the party or protected person who denominated the material as Designated Material within 5 days from the date the Acknowledgement is executed. Moreover, this Court shall retain specific jurisdiction over all issues attendant to disclosure of Designated Material even after final resolution of this action.

## USE OF DESIGNATED MATERIAL IN
## COURT PAPERS, HEARINGS OR TRIAL

16. The parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which Designated Material may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party who produced any Designated Material which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Designated Material at trial or evidentiary hearing upon reasonable notice to all parties and non-parties who have produced such information. The parties shall provide non-parties with notice of potential use at trial of any Designated Material produced by them if and when they are listed as potential exhibits in the required filings prior to commencement of trial. The parties shall give notice as soon as practicable after Designated Material which is not listed on the exhibit list is determined to be used by counsel for a party in the course of examination or cross-examination at trial.

*See order issued concurrently herewith.*

~~17. In the event that any Designated Material is contained in any pleading, motion, exhibit, or other paper (collectively "Papers") filed or to be filed with the Clerk of the Court, the Clerk shall be so informed by the party filing such Papers, and the Clerk shall keep such Papers under seal until further order of the Court. Information filed under seal shall be placed in sealed envelopes on which shall be written the title to this action, the words "FILED UNDER SEAL," and a statement substantially in the following form:~~

~~"This envelope is sealed pursuant to order of this Court and contains confidential~~

Page 8 of 12

~~information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."~~
~~As soon as possible after the filing of any paper containing Designated Material, the filing party shall file on the public record a duplicate copy of the paper with the Designated Material deleted.~~

### INADVERTENT PRODUCTION OF DESIGNATED MATERIAL

18.  The production of material without the appropriate designation of confidentiality shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such material. Upon receiving notice from a producing party or protected person that Designated Material has not been appropriately so denominated, all such material shall be redenominated and treated appropriately. The party receiving such undenominated Designated Material shall make a reasonable, good faith effort to ensure that any analyses, memoranda or notes that were generated based upon such material shall immediately be treated in conformity with any such redesignation.

### DEPOSITIONS

19.  A party, protected person, or deponent may, on the record of a deposition, denominate portions of a deposition or exhibits used therein as Designated Material pursuant to the criteria set forth in this Order. Within 20 days of the receipt of a deposition transcript, a party, protected person, or deponent may denominate, by page and line, portions of the transcript or exhibits thereto as Designated Material and, until such time, all parties shall treat the transcript and exhibits in their entirety as Level Two. If, by the end of the 20-day period, a party, protected person or deponent has denominated any

transcript portion or exhibits as Designated Material, then, thereafter, such transcript portions or exhibits shall be disclosed only in accordance with this Order. If none of the material is denominated as Designated Material at the end of the 20-day period, then none of the transcript or exhibits shall be treated as Designated Material.

## RETAINED RIGHTS OF THE PARTIES

20. This Order shall be without prejudice to the right of any party to bring before the Court the question of whether any particular material merits the protections afforded to Designated Material pursuant to this Order, provided that the party has complied with the procedures set forth in this Order. No party concedes by entering into this Order that any material denominated by any party or protected person as Designated Material does in fact contain or reflect trade secrets or other Level One research, development or commercial information, as those terms are used in Fed. R. Crv. P. 26(c)(7), or does in fact contain material that is so competitively sensitive that its disclosure to business competitors would materially affect the business, commercial or financial interests of the producing party or non-party.

21. In the event that a party believes that another party or protected person has denominated material as Designated Material that is not entitled to such protection, the parties and any affected protected person shall confer and attempt to resolve the disagreement over the classification of the material. If the parties and the protected person cannot resolve the matter, any party or the producing party may submit the issue to the Court for resolution. In the case of material provided by a non-party, the party that contests the Designated Material denomination shall provide reasonable notice to the

non-party that the matter has been referred to the Court. In the event that a Designated Material denomination by a party is contested, the party denominating the material shall have the burden of showing that the material is entitled to protection.

22. The parties to this action reserve all rights to apply to the Court for any order:

    a. modifying this Order, or

    b. seeking further protection against discovery or other use of Designated Material or other information, documents, transcripts, or material reflecting claimed Level One or Level Two material.

23. Any protected person requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

## COMPLETION OF LITIGATION

24. Within 60 days after the final resolution of this action, each defendant in possession of Designated Material, and any person to whom disclosure of such materials has been made pursuant to the provisions of this Order, shall return such materials to the party or protected person that designated them, or alternatively, confirm in writing that the materials have been destroyed.

25. Within 60 days after the final resolution of this action, the plaintiff shall return all Designated Material to the party or protected person that designated them, or alternatively, confirm in writing that the materials have been destroyed, except as provided for in Paragraph 9 of this Order. To the extent that plaintiff retains any Designated Material consistent with Paragraph 9 of this Order, plaintiff shall provide the party or protected person that denominated them with a list of documents being retained

Page 11 of 12

for that purpose.

26. The parties agree to abide by the terms of this Order pending the Court's entry of this Order or any other Order that the Court, in its discretion, may enter.

Dated: July 15, 2015

PERRY & WESTBROOK

/s/Alan W. Westbrook

ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
1701 W. Charleston Blvd. #200
Las Vegas, Nevada 89102
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
E-Mail: awestbrook@perrywestbrook.com
Attorneys for Defendant
AMERICAN AIRLINES

Dated: July 15, 2015

KEATING LAW GROUP

/s/John T. Keating

JOHN T. KEATING, ESQ.
Nevada Bar No. 6373
KEATING LAW GROUP
9130 W. Russell Rd., Ste. 200
Las Vegas, NV 89148
Telephone: (702) 228-6800
Facsimile: (702) 228-0443
E-Mail: jkeating@keatinglg.com
Attorneys for Plaintiff

**ORDER**

IT IS SO ORDERED.

Dated this  16th  day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE