1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10

ALBERTO LOMBARDO,                        )
                                         )
11              Plaintiff(s),            )        Case No. 2:14-cv-02095-JCM-NJK
                                         )
12                                       )
vs.                                      )        ORDER
13                                       )
AMERICAN AIRLINES, INC.,                 )
14                                       )
                Defendant(s).            )
15 _____ )

16        Before the Court is the parties' Protective Order (Docket No. 27), which the Court has approved

17 separately to facilitate discovery in this case.  This order reminds counsel that there is a presumption of

18 public access to judicial files and records.  A party seeking to file a confidential document under seal

19 must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and*

20 *County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

21        The Court has adopted electronic filing procedures, and with a few exceptions not applicable

22 here, the Clerk of the Court no longer maintains paper records.  Special Order 109 requires the Clerk

23 of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic

24 form.  The electronic record constitutes the official record of the Court.  Attorneys must file documents

25 under seal using the Court's electronic filing procedures. *See* Local Rule 10-5(b).  That rule provides:

26        Unless otherwise permitted by statute, rule or prior Court order, papers filed
          with the Court under seal shall be accompanied by a motion for leave to file
27        those documents under seal, and shall be filed in accordance with the Court's
          electronic filing procedures. If papers are filed under seal pursuant to prior
28        Court order, the papers shall bear the following notation on the first page,

1    directly under the case number: "FILED UNDER SEAL PURSUANT TO
2    COURT ORDER DATED _____." All papers filed under seal will
     remain sealed until such time as the Court may deny the motion to seal or
3    enter an order to unseal them, or the documents are unsealed pursuant to
     Local Rule.

4    *Id.* Documents filed under seal are not accessible to the public.

5        The Court has approved the blanket protective order to facilitate discovery exchanges. But there

6    has been no showing, and the Court has not found, that any specific documents or items are secret or

7    confidential. The parties have not provided specific facts supported by declarations or concrete

8    examples to establish that a protective order is required to protect any specific trade secret or other

9    confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and

10   significant harm. The Ninth Circuit has held that there is a presumption of public access to judicial files

11   and records and that parties seeking to maintain the confidentiality of documents attached to

12   nondispositive motions must show good cause exists to overcome the presumption of public access. *See*

13   *Kamakana* 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to

14   dispositive motions must show compelling reasons sufficient to overcome the presumption of public

15   access. *Id.* at 1180.[1]

16       If the sole ground for a motion to seal is that the opposing party (or non-party) has designated

17   a document as subject to protection pursuant to the stipulated protective order, the movant must notify

18   the opposing party (or non-party) at least seven days prior to filing the designated document. The

19   designating party must then make a good faith determination if the relevant standard for sealing is met.

20   To the extent the designating party does not believe the relevant standard for sealing can be met, it shall

21   indicate that the document may be filed publicly no later than four days after receiving notice of the

22   intended filing. To the extent the designating party believes the relevant standard for sealing can be met,

23   it shall provide a declaration supporting that assertion no later than four days after receiving notice of

24   _____

25       [1] Additional information regarding the requirements for filing under seal can be found at *The Vaccine
26   Center LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298 (D. Nev. May 14, 2013) (discussing,
27   *inter alia*, the standards for sealing, standard for redaction rather than sealing entire documents, and impact
     of the stipulated protective order on a motion to seal).

28

1  the intended filing.  The filing party shall then attach that declaration to its motion to seal the designated

2  material.  If the designating party fails to provide such a declaration in support of the motion to seal, the

3  filing party shall file a motion to seal so indicating and the Court may order the document filed in the

4  public record.[2]

5        **IT IS ORDERED** that counsel shall comply with the requirements of Local Rule 10-5(b), the

6  Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect

7  to any documents filed under seal.  <u>To the extent any aspect of the stipulated protective order may

8  conflict with this order or Local Rule 10-5(b), that aspect of the stipulated protective order is hereby

9  superseded with this order.</u>

10        DATED: July 16, 2015.

12  _____
     NANCY J. KOPPE
     United States Magistrate Judge

---

26  [2] In the event of an emergency motion, the above procedures shall not apply.  Instead, the movant
27  shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal
within three days of its filing.  If the designating party fails to timely file such a declaration, the Court may
28  order the document filed in the public record.